No. 59.—LUKE BLISS, plaintiff in error, *vs.* SETH C. STEVENS, defendant.

[1.] In a motion for a new trial, the testimony to be relied on, must be ascertained and fixed with precision, by being filed, under the revision and approval of the Court, or by agreement of counsel, and the entering of such approval or agreement on the minutes; and reference in the shape of a memorandum, made by the counsel for the motion, appended to the rule *ni si.* and entered with it on the minutes to a record and set of interrogatories of file in the Court, unaccompanied with the sanction of the Court's approval or the opposite counsel's consent, is not a compliance with the 61*st Common Law Rule.*

[2.] It seems, that in a motion for new trial, reference to a record, fixed and certain in its character, and of file in the Court where such motion is made, or to such parts of it as it is intended to use as evidence, on the argument for the motion, is sufficient: *Provided,* that such reference be made " under the revision and approval of the Court," or by agreement of counsel, and such approval or agreement be entered on the minutes.

Trespass, in Baker Superior Court. Tried before Judge PERKINS, April Term, 1853.

Luke Bliss brought his action of trespass against Seth C. Stevens, in Baker Superior Court. At the April Term, 1852, of said Court, the Jury found a verdict for the defendant; whereupon, counsel for the plaintiff moved the Court for a new trial, upon several grounds, and at the conclusion of the rule *ni si.* was inserted the following memorandum:

" And all the evidence is of file, to wit: Interrogatories of William R. DeGraffenreid, and the record of the case of *Luke*

*Bliss vs. William H. Luckie*, with minutes and memorandum thereon, in handwriting of said DeGraffenreid."

At the April Term, 1853, counsel for defendant moved the Court to dismiss the rule *ni si.* for a new trial, upon the ground, that no brief of the testimony in the case, agreed upon by counsel, or approved by the Court, had been filed.

The Court granted the motion, and to this decision, counsel for plaintiff excepted.

Strozier & Andrews, for plaintiff in error.

Lyon & Clark, for defendant in error.

*By the Court.*—Starnes, J. delivering the opinion.

[1.] It is obvious from the record, and the case was so presented in the argument of counsel, that the memorandum appended to the rule *ni si.* was added by the counsel moving the rule.  It cannot be looked to as evidence of an agreement between the counsel upon the brief of testimony, or of the revision and approval of the Court.

It is now insisted for the plaintiff in error, that as the testimony to be relied on was already of file in the Court, that when this memorandum was entered on the minutes, there was a substantial compliance with the 61st of the Common Law Rules of Court, which requires, that " a brief of the testimony in the cause shall be filed by the party applying for such new trial, under the revision and approval of the Court."

At an early period in the organization of this Court, it was held, in the case of *Graddy vs. Hightower*, (reported in 1 *Kelly*, 255,) " that nothing short of a brief of the testimony approved by the Court, and such approval entered on the minutes, or agreed upon by the parties or their counsel, and such agreement entered on the minutes, at the term at which the rule for a new trial is applied for, will be a compliance with the 61st Rule of Court."

In the later cases, of *Spear vs. Smith*, (7 *Ga. R.* 436,) and

*Tomlinson vs. Cox*, (8 *Ga. R.* 111,) this Court held, that such brief need not be entered on the minutes of the Court, "but that it need be *filed* only."

The counsel for plaintiff in error now contends, that the requirements of this rule, as thus in those cases construed by the Court, are substantially satisfied by what has been done in this case; that the testimony, consisting, as it does, of a record and set of interrogatories, is fixed and certain in its character, and is of file.

The exigency of the rule is, that the testimony to be relied on shall be rendered certain, as well as, that it shall be filed; and the rule operates to insure this, by requiring that it be filed "under the revision and approval of the Court." This Court has liberally construed that rule, so as to permit the agreement and consent of counsel, as to what is the testimony to be relied on, to take the place of such revision and approval. But it must require one or the other of these signs, that the party adverse to the motion is placed at no disadvantage because of uncertainty as to what the testimony is, which is to be relied upon against him, or because of difficulty in getting access to it.

In the case at bar, the testimony referred to by plaintiff's counsel, is filed; but it does not appear by the agreement of counsel, or the approval of the Court, that all this testimony of file, is evidence proper for consideration, in the argument and decision of this motion.

Admitting that all portions of the record referred to, may properly be used as evidence, it is by no means certain, that all parts of the answers to the interrogataries may be so used. We know, that in almost every trial in our Courts, where much of the testimony is taken by commission, more or less time is consumed by the Court in sifting the depositions, in winnowing the objectionable features of testimony from those which are properly evidence. It is, therefore, not at all a correct conclusion, that all the answers to these interrogatories are evidence, because they have been taken as testimony and are of file. The approval of the Court, or the agreement of

counsel, was necessary to give them this character; and not only does it not appear by the record, that this sanction has been given, but it positively appears that it has not been obtained.

[2.] We would not be understood as holding that a copy of the record, in this case, should have been embraced in, or annexed to, the brief of testimony. For the purposes of this decision, and in consideration of the convenience of counsel, we are willing to admit, that in a motion for new trial, reference to a record, fixed and determined in its character, which is of file in the Court where the motion is made, may be a sufficient compliance with the rule; *provided,* that such reference to the record, or to the parts of it, which it is intended to use as evidence, have the sanction of an agreement between counsel, or the approval of the Court, and such agreement or approval be entered on the minutes.

The judgment is affirmed.